**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARY KATHERINE DAY PETRANO,

Plaintiff,

v. Case No.: 3:25-cv-1157-WWB-LLL

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**ORDER**

THIS CAUSE comes before the Court on the Commissioner of the Social Security Administration's ("**Commissioner**") Motion for Entry of Judgment with Remand (Doc. 25). United States Magistrate Judge Laura Lothman Lambert issued a Report and Recommendation ("**R&R**," Doc. 29) recommending that the Commissioner's Motion be granted and the case be remanded. Plaintiff filed Objections (Doc. 34), to which the Commissioner filed a Response (Doc. 37).

## I. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state

with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## II. DISCUSSION

The Commissioner requests that the Court remand this case pursuant to 42 U.S.C. § 405(g) with respect to Plaintiff's November 2019 application for disability insurance benefits and November 2019 application for supplemental security income, which Plaintiff opposes. After the Commissioner filed his Motion, the Magistrate Judge directed an expedited response from Plaintiff. (Doc. 28). Plaintiff failed to timely respond to the Motion and the Magistrate Judge issued the R&R recommending that it be granted. Two days after the R&R was issued, and nearly a week after the deadline to file a response, Plaintiff filed a Motion for Extension of Time to Respond (Doc. 30). The Magistrate Judge denied the Motion as moot. (Doc. 33). Plaintiff timely filed Objections to the R&R. Therein, Plaintiff argues that the Motion should not have been treated as unopposed, the Magistrate Judge erred in denying her motion for extension, Plaintiff objects to a general psychological examination on remand, and Plaintiff argues that the recommended remand would fail to address a number of issues raised in Plaintiff's briefing. Plaintiff also makes a substantive request for accommodations regarding future activity in this case. As to Plaintiff's substantive request, her request will be denied for failure to comply with Local Rule 3.01(b) and (g).

First, the Court does not find that the Magistrate Judge erred in denying Plaintiff's Motion for Extension of Time to Respond or in treating the Commissioner's Motion as unopposed. The Motion for Extension of Time to Respond is dated June 10, 2026, which is one day after the R&R was issued addressing the Commissioner's Motion. Therefore, the Court agrees that the relief requested—an extension of time to file a response—was in fact moot. Plaintiff does not dispute that conclusion. Instead, Plaintiff argues that her failure to act was the result of excusable neglect. Federal Rule of Civil Procedure 6(b)(1)(B) provides that deadlines may be extended for "good cause" "after the time has expired if the party failed to act because of excusable neglect." *See also Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect."). "In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)). To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

Having reviewed Plaintiff's Motion for Extension of Time to Respond and Plaintiff's Objections, the Court does not find that Plaintiff has presented excusable neglect for failure to timely respond to the Motion or seek an extension. To the extent Plaintiff argues

that she requires additional time to respond to "complex legal documents," (Doc. 30 at 1), that need still fails to provide any reason that she was unable to timely seek an extension of the deadline, which she has done on several occasions in this case. Although Plaintiff states she has not received reliable mail since April 15, 2026, she does not state that she failed to promptly receive either the Commissioner's Motion or the Order setting the briefing deadline. In fact, the Commissioner states that he e-mailed Plaintiff the Order "sixteen minutes after it was entered." (Doc. 37 at 2). Plaintiff's self-diagnosed concussion and ongoing cancer treatment pre-date the Motion and the Order setting the response deadline, and Plaintiffs fails to state why she could not have timely sought an extension or responded to the Motion. Finally, to the extent Plaintiff argues that she has established excusable neglect because the Order was not issued in an accessible format and the Commissioner was aware she required additional time, Plaintiff's arguments are misplaced. As an initial matter, Plaintiff could have filed a motion seeking accommodations, including the delivery of orders and other filings in more accessible formats or extended deadlines, and failed to do so. Without having granted any such request, the Court's failure to provide documents in a format preferred by Plaintiff or to automatically afford her additional time does not support a claim of excusable neglect. Additionally, Plaintiff mainly takes issue with the way the Order was delivered from the Court but does not specify if the copy sent by the Commissioner was equally problematic. As to any knowledge the Commissioner might have possessed, it is unclear why or how the Court would have known that Plaintiff wanted or needed additional time to file a response. The only way to communicate such a need to the Court is by motion, which Plaintiff failed to timely file. Therefore, the Court does not find that Plaintiff established

excusable neglect for her untimely submission and the Magistrate Judge did not err in treating the Commissioner's Motion as unopposed.

With respect to the recommendation regarding a consultative psychological examination, the R&R recommends that "[t]he Clerk of Court be directed to enter judgment reversing and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) with the following instructions: [u]pon remand, the Appeals Council will instruct a different Administrative Law Judge to offer Ms. Day-Petrano an . . . opportunity for a psychological consultative examination." (Doc. 29 at 4). In her Objections, Plaintiff argues that such an examination would be harmful for various reasons. Plaintiff does not, however, state why requiring the ALJ to offer such an examination is error. Accordingly, Plaintiff's objection will be overruled. She can raise any objection she has to an examination with the ALJ when one is offered.

Finally, Plaintiff argues that the proposed remand will not address a number of claims that she raised in this case. The R&R cites two cases for the proposition that the Court need not address all issues when a remand has been granted on some issues—*Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) and *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983). (Doc. 29 at 3–4). In both cases, the Eleventh Circuit held that when a case is being remanded on other errors, the court is not required to address every error raised in the briefing because these may be corrected by the proceedings on remand. *See Jackson*, 801 F.2d at 1294 n.2 (finding that the court need not address the ALJ's conclusion regarding medical evidence and purported failure to develop the medical record "because we anticipate that on remand additional medical evidence will be adduced" or presented); *Diorio*, 721 F.2d at 729 (holding that the court did not need to

determine if the ALJ was required to consider a new psychiatric evaluation on remand because, since the case was already being remanded, the ALJ would need to consider the report in order to review the complete record). As Plaintiff argues, implicit in both rulings is the requirement that the issues asserted will be addressed on remand. However, aside from her conclusory argument that "remand has repeatedly proven futile," (Doc. 34 at 7), Plaintiff fails to state specifically why the issues she lists cannot be reviewed or resolved on remand or why remand would be futile.

To the extent that Plaintiff asks this Court to exercise its limited discretion to grant benefits without remand, Plaintiff also fails to establish entitlement to such relief. The district court may direct an award of benefits "where the Secretary has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt," *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice because "the administrative law judge 'was in error in several critical respects,'" *Truesdell v. Comm'r of Soc. Sec.*, No. 20-13416, 2022 WL 401548, at *7 (11th Cir. Feb. 10, 2022) (quoting *Walden v. Schweiker*, 672 F.2d 835, 837 (11th Cir. 1982)). Plaintiff again only offers perfunctory and conclusory arguments—without citation to record evidence or to arguments raised elsewhere in the record—that either standard has been met in this case. Accordingly, Plaintiff's objection will be overruled.[1]

[1] In her request for relief, Plaintiff also asserts that any order of remand should include specific instructions to address: "[t]he 2010 favorable SSI award"; "Plaintiff's disabled adult child status"; "[t]he 2016 ALJ decision from the Section 6 remand"; "[t]he improper 2016 and 2026 ALJ hearing exclusions"; and "[p]rohibition on administrative res judicata as to these claims." (Doc. 34 at 10). Because Plaintiff has failed to include any argument or legal authority as to her entitlement to have such instructions included in the remand, the Court will deny her request.

## III. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 34) are **OVERRULED**.
2. The Report and Recommendation (Doc. 29) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. Defendant's Motion for Entry of Judgment With Remand (Doc. 25) is **GRANTED**.
4. The Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with the Motion, the Report and Recommendation, and this Order, including the follow instructions:

> upon remand, the Appeals Council will instruct a different Administrative Law Judge to offer Plaintiff an opportunity for a video hearing; offer her the opportunity for a psychological consultative examination; consider the DIB claim on its merits; further evaluate the nature, severity, and any limiting effects of Plaintiff's mental impairments; and issue a new decision.

5. The Clerk is directed to enter judgment accordingly, terminate all other pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on August 11, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party